Horch v. Pub. Util Comm....................... 20101
Ludwig Hommel Co. v. Woodsfield (Vil.)........ 19852

#### MOTION DOCKET

Carr v. State .....:........................... 20252
Donley et v. State ............................ 20251
Elberta Beach Co. v. Diamond Glass Co.......... 20057
Floyd v. Swiler .............................. 20249
Frank v. Cleve. Comm. Auto Body Co.......... 20252
Glick et v. Calier et .......................... 19895
Indust. Comm. v. Jasionowski .................. 20247
Jones, Treas. v. Ralston et .................... 20242
Longo v. State ..........................|..... 20250
Lukwinski v. State .........................|.. 20214
Matusoff et v. Shalf .......................... 20239
Moon Motor Car Co. v. Cent. Stor. Co......... 20245
Shaffer v. Tedrow et .......................... 20253
Silvestro v. Rudolph Wurlitzer Co............. 20248
Singer et v. George Bowman Co,................. 20246
Weise v. State ............................... 20234

### PROCEEDINGS
### OHIO SUPREME COURT
#### TUESDAY, FEB. 1, 1927

#### GENERAL DOCKET

19852—Ludwig Hommel & Co. v. The Incorporated Village of Woodsfield, Ohio; error to Monroe Appeals. Judgment affirmed. Marshall, CJ., Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur. Dock. 5-29-26, 4 Abs. 358; OS. Pend. 4 Abs. 486; OS. 5 Abs. 78.

20101—M. M. Horch v. Public Utilities Commission; error to the Public Utilities Commission. Dismissed by consent of parties. Dock. 9-24-26, 4 Abs. 655.

#### MOTION DOCKET

19895—Abraham Glick et al v. Peter Q. Galier et al; motion by defendant to correct bil lof exceptions. Overruled. Dock. 6-15-26, 4 Abs. 404; OS. Pend. 4 Abs. 552.

20057—The Elberta Beach Co. v. The Diamond Glass Co. et. Motion for Lorain Appeals to certify. Overruled. Dock. 8-10-26, 4 Abs. 557; OA. 4 Abs. 716; OS. Pend. 4 Abs. 740.

20214—Arthur Lukwinski v. The State of Ohio. Motion for leave to file petition in error to the Cuyhaoga Appeals. Overruled. Dock. 12-14-26, 4 Abs. 833.

20234—Harvey Weise v. State of Ohio. Motion for leave to file petition in error to Cuyahoga Appeals. Overruled. Dock. 12-27-26, 5 Abs. 27.

20239—Isaac Matusoff et al. v. Harry Shalf. Motion for Montgomery Appeals to certify. Overruled. Dock. 12-30-26, 5 Abs. 27; OS. Pend. 5 Abs. 75.

20242—Paul B. Jones, Treas. v. Mary J. Ralston et. Motion for Belmont Appeals to certify. Allowed. Dock. 12-31-26, 5 Abs. 27; OS. Pend. 5 Abs. 76.

20245—Moon Motor Car Co. v. Central Storage & Warehouse Co. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 1-4-27, 5 Abs. 27; OS. Pend. 5 Abs. 76.

20246—I. L. Singer et v. George H. Bowman Co. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 1-4-27, 5 Abs. 27.

20247—Industrial Commission of Ohio v. Lizzie Jasionowski. Motion for Lucas Appeals to certify. Overruled. Dock. 1-4-27, 5 Abs. 27; OA. 4 Abs. 520.

20248—Anthony Silvestro v. Rudolph Wurlitzer Co. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 1-5-27, 5 Abs. 27.

20249—Raymond G. Floyd v. E. Russell Swiler. Motino for Cuyahoga Appeals to certify. Overruled. Dock. 1-5-27, 5 Abs. 27; OA. 5 Abs. 69.

20250—Trent Longo v. State of Ohio. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 1-5-27, 5 Abs. 27.

20251—Mose Donley et v. State of Ohio. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 1-5-27, 5 Abs. 27.

20252—P. F. Carr v. State of Ohio. Motion for leave to file petition in error to Morrow Appeals. Overruled. Dock. 1-5-27; 5 Abs. 27; OA. 4 Abs. 578.

20253—H. S. Shaffer v. Harry Tedrow et. Motion for Vinton Appeals to certify. Overruled. Dock. 1-6-27, 5 Abs. 27; OS. Pend. 5 Abs. 74.

## Weekly Abstract of PENDING CASES

**EXPLANATION.** The following statements, synopsizing cases recently docketed in the Supreme Court, were prepared by our editors, from the recitals, arguments, etc., appearing in the Motion to Certify, Briefs and other papers filed therewith.

It should be borne in mind that the Pending cases are, as yet, undecided, and the results merely problematical. They are published in the Abstract, premonitorially, to acquaint the Bar with the issues in them, and to confront the lawyers with knowledge that, as an authority, they, and former decision in the case, will be unsettled, until a final decision is made.

Consult the weekly Concordance closely, to ascertain the dispositions finally made of the cases by the higher courts.

For meaning of Abbreviations, See Ternary Digest, page XII.

### No. 92
### GEIGER v. KANIG
No. 20241. Supreme Court

On motion to certify. Dock. Dec. 31, 1926, 5 Abs. 27.

1063. SALES—Can one who has inspected merchandise before consummation of sale, thereafter rescind on ground of false representation of vendor as to quantity of goods, upon alleging that such misrepresentation preceded the inspection?

### No. 93
### SHAFFER v. TEDROW
No. 20253. Supreme Court

On motion to certify. Dock. Jan. 6, 1927, 5 Abs. 27.

707. LEASES—In an oil and gas lease for ten years, do the words "found in paying quantities" and "as much longer as gas and oil are found in paying quantities" apply to the en-

tire term of the lease; does "found" mean produced, since for seven years of the lease only a few gallons were produced and therefore does lease expire at end of ten year period?

The question to be determined is the interpretation of two phrases in an oil and gas lease. The lease was for ten years and a clause therein reads "found in paying quantities". It is contended that these phrases refer to the entire lease and that the word "found" means produced, and as only a few gallons were found in a seven year period the lease expired at the end of ten years.

Attorneys—Eagleson & Laylin, Columbus, and J. W. Goldberry, Chillicothe, for Shaffer; O. E. Vollenwider, McArthur and Willis & Jones, Jackson, for Tedrow.